UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **LOUIS JOHN FONTANEZ**,<br><br>Petitioner,<br><br>v.<br><br>**ERIC RARDIN**,[1]<br><br>Respondent. | 2:23-CV-11015-TGB-KGA<br><br>HON. TERRENCE G. BERG<br><br>**OPINION AND ORDER AMENDING THE CASE CAPTION AND DISMISSING THE HABEAS PETITION WITHOUT PREJUDICE** |

Petitioner Louis John Fontanez is a federal prisoner confined to the Federal Correctional Institution in Milan, Michigan ("FCI-Milan"). Fontanez brings this pro se habeas case under 28 U.S.C. § 2241, challenging the refusal of FCI-Milan to submit him for consideration for home confinement under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act of 2020. ECF No. 1, PageID.2. Petitioner claims that the United States Bureau of Prisons ("BOP") has refused to submit him for consideration "despite [contrary] federal law and [U.S.] Department of Justice guidance." *Id.* at PageID.6.

---

[1] The proper respondent for a habeas petition filed under § 2241 is the person having custody of the petitioner. *See* 28 U.S.C. § 2243; *see also* Rule 2, Rules Governing Section 2254 Cases. Fontanez is confined at the Federal Correctional Institution in Milan, Michigan. The warden at that facility is Eric Rardin. Accordingly, the Court **ORDERS** that the case caption be amended to reflect that Eric Rardin is the respondent.

Fontanez acknowledges that this Court cannot order the BOP to place him in home confinement. Still, he asserts that the Court *can* order the BOP to at least consider him for home confinement. *Id.* at PageID.7.

For the following reasons, the Court concludes that the habeas petition must be **DENIED,** and the action **DISMISSED WITHOUT PREJUDICE**.

## II. LEGAL STANDARD

Promptly after filing a habeas petition, a federal court must undertake a preliminary review of the petition to determine whether it appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243 (directing courts to grant a petitioner writ or order a respondent to answer, unless apparent from the application that the applicant or person detained is not entitled); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (discussing authority of federal courts to summarily dismiss § 2241 petitions). If, after preliminary consideration, a district court determines that the petitioner is not entitled to relief, it must summarily dismiss the petition. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court must "screen out" petitions that lack merit on their face).

A Rule 4 dismissal is appropriate for petitions raising legally frivolous claims and those containing factual allegations that are

palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).

### III. DISCUSSION

Fontanez pleaded guilty to one count of distribution of heroin resulting in serious bodily injury and was sentenced to 240 months in prison in the United States District Court for the Southern District of Iowa in 2019. ECF No. 1, PageID.1 (referencing *United States v. Mitchell*, No. 3:18-CR-00033-SHL-SBJ-2 (S.D. Iowa)). He seeks habeas relief under 28 U.S.C. § 2241, alleging that FCI-Milan and the BOP, more generally, refused to consider him for home confinement under the CARES Act. *See* ECF No. 1, PageID.2, 6.

It is well-settled that federal prisoners must exhaust all available administrative remedies before filing a habeas petition under § 2241. *United States v. Wilson*, 503 U.S. 329, 334–36 (1992); *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981). Exhaustion is an affirmative defense, and a district court may not dismiss a § 2241 petition at the screening stage for failure to plead exhaustion or to attach exhibits with proof of exhaustion. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013).

A district court, however, may sua sponte summarily dismiss a § 2241 petition on exhaustion grounds when a petitioner's failure to exhaust is apparent on the face of the pleading itself. *See Jones v. Bock*, 549 U.S. 199, 214–15 (2007); *Whitley v. Horton*, No. 20-1866, 2020 WL

3

8771472, at *2 (6th Cir. Dec. 11, 2020) (denying certificate of appealability where district court summarily dismissed § 2254 petition on exhaustion grounds); *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *1 (6th Cir. July 17, 2017) (citing cases and affirming summary dismissal of § 2241 petition on exhaustion grounds).

The Bureau of Prisons has a multi-tiered administrative grievance process. If a matter cannot be resolved informally, the federal prisoner must file an Administrative Remedy Request Form ("BP-9") with that correctional institution's Warden. See 28 C.F.R. § 542.14(a) "The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP–9), is 20 calendar days following the date on which the basis for the Request occurred."). The Warden is to respond within twenty (20) days. *See* 28 C.F.R. § 542.18 ("If accepted, a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received. Once filed, response shall be made by the Warden or CCM within 20 calendar days[.]"). If the prisoner is unsatisfied with the Warden's response, he may then submit a Level II Appeal Form ("BP-10") to the appropriate Regional Director within twenty (20) calendar days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). The Regional Director, in turn, has thirty (30) calendar days to respond. *See* 28 C.F.R. § 542.18. If the prisoner is again unsatisfied, he may file another appeal ("BP-11"), this time with the General Counsel at the BOP

4

Central Office, who is provided forty (40) days to respond. *See* 28 C.F.R. §§ 542.15, 542.18.

Fontanez states that he filed multiple informal requests for home confinement consideration under the CARES Act between January and March 2023, each of which was ignored or denied. ECF No. 1, PageID.2. Petitioner claims that most recently, around January 20, 2023, he went to the Warden, the BOP Regional Office, and the BOP Central Office for compassionate release or under CARES Act home confinement. Fontanez's appeal was ultimately denied or rejected on February 24, 2023. *Id.* at PageID.3.

The attachments to his petition, however, indicate that his BOP Central Office Administrative Remedy Appeal from January 20, 2023, only sought compassionate release or a reduction in sentence—it did not include a request for consideration in home confinement placement under the CARES Act. *Id.* at PageID.15.

Accordingly, the Record before the Court demonstrates Fontanez has not fully exhausted the administrative remedies available to him regarding his request for home confinement placement under the CARES Act. Instead, at best, the attachments to his petition demonstrate that Fontanez requested *FCI-Milan* to approve him for home confinement under the CARES Act in January and February 2023. *Id.* at PageID.11–14.

5

While Fontanez may be frustrated by the prison staff's failure to act on those requests, he cannot abandon the process or fail to fully exhaust formal administrative remedies as to his specific claim to be considered for placement in home confinement under the CARES Act. Fontanez must fully complete the established administrative process, or at least attempt to do so, before seeking federal habeas relief under § 2241. His habeas petition is premature and must be dismissed.

## VI. CONCLUSION

For the reasons stated, the Court concludes that Fontanez has not fully exhausted available administrative remedies for his claim for habeas relief before instituting this action. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the habeas petition. The Court makes no determination about the merits of Fontanez's claim.

Lastly, a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed under 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, Fontanez does not need to request a certificate of appealability from this Court or the Sixth Circuit should he seek to appeal this decision. This case is closed.

**SO ORDERED.**

Dated: May 22, 2024            /s/Terrence G. Berg
                               HON. TERRENCE G. BERG
                               UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served via electronic and/or ordinary mail.

Dated: May 22, 2024  By: /s/T. McGovern
                                    Case Manager

BY THE COURT:

/s/Terrence G. Berg
HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE